ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ALMA CEPERO NIEVES<br><br>Apelada<br><br>v.<br><br>INGRID JAILENE LEBRÓN OLIVO<br><br>Apelante | KLAN202400782 | Recurso de *Apelación* procedente del Tribunal de Primera Instancia, Sala Municipal de Toa Baja<br><br>Caso Núm. TB2024CV00360<br><br>Sobre:<br>DESAHUCIO POR INCUMPLIMIENTO |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 3 de octubre de 2024.

Comparece Ingrid Jailene Lebrón Olivo ("señora Lebrón Olivo" o "Apelante") mediante *Apelación Civil* y solicita que revoquemos la *Sentencia* emitida el 12 de agosto de 2024, por el Tribunal de Primera Instancia, Sala Municipal de Toa Baja ("TPI"). Mediante el referido dictamen, el TPI declaró *Con Lugar* la demanda de desahucio instada por Alma Cepero Nieves ("señora Cepero Nieves" o "Apelada") y, en consecuencia, ordenó el desalojo de la Apelante de la estructura perteneciente a la Apelada, por incumplimiento con los pagos de los cánones de renta.

Por los fundamentos que expondremos a continuación, se *Confirma* la *Sentencia* apelada.

## I.

El 1 de julio de 2024, la señora Cepero Nieves presentó, por derecho propio, una *Demanda de Desahucio* en contra de la señora Lebrón Olivo. La Apelada sostuvo que era dueña de una propiedad ubicada en el municipio de Toa Baja ("Municipio"), la cual le había arrendado a la Apelante, mediante contrato escrito, por la cantidad de $425.00 mensuales. Sin embargo, adujo que, al momento de la presentación de la demanda, la señora Lebrón Olivo

le adeudaba la suma de $1,700.00, correspondientes a cuatro (4) meses de renta atrasados. Como remedio, la señora Cepero Nieves, únicamente, solicitó el desalojo de la señora Lebrón Olivo del inmueble, no así el pago de lo adeudado.

Tras varias instancias procesales, las cuales no son necesarias pormenorizar, el 12 de agosto de 2024, se celebró una Vista de Desahucio, a la cual comparecieron la señora Cepero Nieves y la señora Lebrón Olivo, ambas por derecho propio. Surge de la *Minuta* que, durante la vista, la Apelante alegó que había acudido ante el Municipio, quienes le habían informado que el terreno donde ubicaba la propiedad no le pertenecía a la Apelada, sino al Municipio. Sin embargo, cuestionada por el foro primario, la señora Lebrón Olivo admitió no tener pruebas que evidenciaran lo alegado. Ante ello, la señora Cepero Nieves admitió que el terreno donde fue construido la propiedad trataba sobre una invasión, pero que la propiedad contaba con servicios de agua y luz, ambos a nombre de la Apelada. De igual manera, la señora Cepero Nieves declaró que la construcción de la residencia comenzó en el 2000 y que, tenía consigo los recibos de compra de los materiales utilizados en la edificación.[1]

Ese mismo día, culminada la vista y aquilatada la prueba, el TPI emitió una *Sentencia*, notificada el 12 de agosto de 2024. Mediante el referido dictamen, el foro primario concluyó que la estructura arrendada por la señora Lebrón Olivo le pertenecía a la señora Cepero Nieves, a pesar de que el terreno en el cual fue edificada le pertenecía al Municipio. Además, determinó que las partes habían suscrito un contrato escrito, en virtud del cual la señora Lebrón Olivo arrendó la estructura por un canon mensual de renta de $425.00. El foro apelado determinó, además, que el referido contrato había vencido y que, la Apelante adeudaba la suma de $2,125.00, equivalentes a cinco (5) meses de renta. Así las cosas, el TPI declaró *Con Lugar* la demanda de desahucio y, como resultado, ordenó el desalojo de la Apelante de la propiedad.

---

[1] Véase, Apéndice de la Parte Apelante, a las págs. 2-3 (*Minuta*).

Inconforme, el 16 de agosto de 2024, la señora Lebrón Olivo compareció ante esta Curia mediante *Apelación Civil*. La Apelante le imputó al TPI la comisión de los siguientes errores:

**Alega la parte Apelante-Demanda IJLO que: "Erró el Honorable Tribunal de Primera Instancia, Sala Municipal de Toa Baja, al no expedir citación a la Sección de Vivienda del Municipio de Toa Baja, en el presente caso, cuando fue indicado por la propia Apelante-Demanda, en su testimonio", y a su vez[,] por la parte Apelante-Demandada IJLO, de que el dueño tal era el Municipio de Toa Baja, Puerto Rico. Ósea *[sic]* el Departamento de la Vivienda, de ese Municipio de Toa Baja, por ser parte indispensable.**

**Alega la parte Apelante-Demandada IJLO, que el TPI cometió error, dicho con sumo respeto, al ordenar el desahucio a favor de la parte Apelada-Demandante, cuando no demostró tener legitimación activar para accionar el procedimiento.**

El 21 de agosto de 2024, le concedimos a la señora Cepero Nieves un término de treinta (30) días, mediante *Resolución*, para presentar su alegato en oposición. Transcurrido el término y sin la comparecencia de la parte apelada, procedemos a resolver.

**II.**

**-A-**

El desahucio es el medio que tiene el dueño o la dueña de un bien inmueble arrendado para que pueda recobrar la posesión de este, a través del lanzamiento o la expulsión del arrendatario o precarista que la mantiene sin pagar los correspondientes cánones. *SLG Ortiz-Mateo v. ELA,* 211 DPR 772, 799 (2023). Véase, además: *Cooperativa v. Colón Lebrón,* 203 DPR 812, 820 (2020). Esta acción de desahucio puede solicitarse, ya sea mediante proceso sumario, o por vía ordinaria. *Adm. Vivienda Pública v. Vega Martínez,* 200 DPR 235 (2018).

Sobre el carácter sumario del desahucio, nuestro Tribunal Supremo ha expresado que ello responde al interés del Estado en atender rápidamente las reclamaciones por parte de los dueños de inmuebles que ven interrumpido su derecho a poseer y disfrutar de su propiedad. *Ortiz Zayas v. ELA, supra; Cooperativa v. Colón Lebrón, supra,* a la pág. 820; *Adm. Vivienda Pública v. Vega Martínez, supra,* a la pág. 240; *ATPR v. SLG Volmar-*

*Mathieu, supra.* Asimismo, el Tribunal Supremo ha expresado que: "*la necesidad de que ocasionalmente el procedimiento sumario de desahucio se convierta en uno ordinario, no puede llevarnos a configurar una regla automática*". *Turabo Ltd. Partnership v. Velardo Ortiz, supra,* a la pág. 241.

Es doctrina general establecida por el Tribunal Supremo que los conflictos de título no pueden dilucidarse en el juicio de desahucio por ser este uno de carácter sumario en que únicamente se trata de recobrar la posesión de un inmueble por quien tiene derecho a ella. *CRUV v. Román, supra,* a la pág. 321. Bajo ese crisol doctrinario, si un demandado en desahucio produce prueba suficiente que tienda a demostrar que tiene algún derecho a ocupar un inmueble y que tiene un título tan bueno o mejor que el del demandante surge un conflicto de título que hace improcedente la acción de desahucio. *Íd.,* a la pág. 322.

Como lo que se intenta recobrar en una acción de desahucio es la posesión, nuestro Más Alto Foro ha expresado que, en la acción sumaria de desahucio, se debe limitar la consolidación de otras acciones o defensas. *ATPR v. SLG Volmar-Mathieu, supra,* a la pág. 10. Cuando la demanda se fundamente en la falta de pago del canon o precio convenido en un contrato, no se admitirá otra prueba que la del recibo o cualquier otro documento que conste haberse verificado el pago. Art. 627 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2829. Sin embargo, en ocasiones, el Tribunal Supremo de Puerto Rico ha permitido la presentación de algunas defensas, siempre y cuando las mismas no desnaturalicen el espíritu del carácter sumario del proceso de desahucio. *Mora Dev. Corp. v. Sandín,* 118 DPR 733, 749 (1987).

Una vez esgrimidas las defensas presentadas por el demandado, el juzgador deberá auscultar sus méritos, los hechos específicos que se aducen y discrecionalmente ordenar la conversión del procedimiento al juicio ordinario. *Turabo Ltd. Partnership v. Velardo Ortiz, supra,* a las págs. 245-246. Es decir, más allá de sus alegaciones, el demandado debe demostrar con hechos específicos que se justifica convertir el procedimiento en uno ordinario. *Íd.,* a la pág. 247. De esta forma el tratamiento de todos los demás

derechos y cuestiones accesorias o colaterales sólo corresponde a la acción ordinaria, ya que el único pronunciamiento en la sentencia de desahucio sumario es si procede o no ordenar el desalojo. *Fernández & Hno. v. Pérez, supra,* a la pág. 248.

**III.**

La señora Lebrón Olivo nos solicita que revoquemos la *Sentencia* notificada por el TPI el 12 de agosto de 2024, mediante la cual fue ordenada a desalojar la estructura que arrendó de la señora Cepero Nieves. En síntesis, la Apelante sostiene que el foro primario erró al: (1) dictar sentencia sin la presencia del Municipio, parte indispensable, toda vez que es titular del solar donde ubica la propiedad, y; (2) al ordenar el desahucio, a pesar de que la Apelada carecía de legitimación activa para solicitarlo. Por entender que ambos errores están intrínsicamente relacionados, los discutiremos de manera conjunta.

Conforme surge de la *Minuta* de la Vista de Desahucio, la señora Cepero Nieves demostró haber sido la persona quien construyó la edificación en controversia, la cual posteriormente arrendó a la señora Lebrón Olivo, mediante contrato escrito, por la cantidad mensual de $425.00. Como corolario, el foro primario concluyó que, la Apelada, al ser propietaria de la estructura, tenía derecho a recobrar la posesión de la misma, a pesar de haber determinado que el terreno donde fue edificada le pertenece al Municipio.

Según hemos reseñado, el desahucio es el método disponible para que el dueño de un bien inmueble arrendado pueda recobrar la posesión de este, cuando el arrendatario ha incumplido con el pago de los cánones de renta. *SLG Ortiz-Mateo v. ELA, supra.* En el pleito de marras, no existe controversia respecto a que las partes acordaron el pago de $425.00 mensuales, por concepto del arrendamiento, y que, al momento de la *Sentencia,* la señora Lebrón Olivo adeudaba la cantidad de $2,125.00, correspondientes a cinco (5) meses de renta, en claro incumplimiento al contrato de arrendamiento.

Cabe destacar que, la señora Lebrón Olivo no alegó tener algún derecho a ocupar el inmueble o un título tan bueno o mejor que la señora Cepero Nieves. Al amparo del crisol doctrinario aquí expuesto, la Apelada, como edificante y arrendadora de la propiedad, tenía derecho a recobrar su posesión, tras el incumplimiento de la Apelante con los cánones de renta pactados mediante contrato. Por todo lo cual, resulta forzoso concluir que el foro primario no incidió al ordenar el desahucio de la señora Lebrón Olivo.

**IV.**

Por los fundamentos que anteceden, se *Confirma* la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones